Hildebrand *v.* Taylor.

EMMA S. HILDEBRAND *v.* W. F. TAYLOR *et al.*

HOMESTEAD. *Mortgage on a part of farm.* A husband, the head of a family, may, without his wife joining in the conveyance, make a valid mortgage of a part of the farm on which he is living, provided he retains a sufficiency of land, with the improvements thereon in which he is living, to constitute a homestead exemption; and if the wife afterwards join the husband in mortgaging the homestead reserved, she cannot, after her husband's death, claim a homestead in the land mortgaged by the husband alone.

FROM SHELBY.

Appeal from the Probate Court of Shelby county. J. E. R. RAY, J.

HUMES & POSTON for petitioner.

JOHNSON & HORD for defendants.

Hildebrand v. Taylor.

COOPER, J., delivered the opinion of the court.

John J. Hildebrand owned for many years a tract of land in Shelby county, containing 180 acres, which he had cultivated but on which he had never lived. Early in. the year 1870, he bought another tract of land of 185 acres, adjoining the first tract but separated by a public road. He moved on to the tract last purchased, with his family, a wife and one child, and lived there, cultivating and using the whole 365 acres, until his death. in October, 1877. On the 16th of January, 1875, John J. Hildebrand, his wife not joining in the deed, conveyed to W. F. Taylor, in trust to secure a particular debt, the tract of 180 acres. And on February 1, 1877, he and his wife joined in a deed conveying the tract of 185 acres to J. P. Meux, in trust to secure another debt. Neither of these trust conveyances was foreclosed at the death of Hildebrand, but since his death the last deed has been, and the land failed to bring enough to satisfy the trust debt. It brought, however, more than the value of the homestead exemption. On February 5, 1878, Emma S. Hildebrand, the widow, filed her petition for dower and homestead in the 180 acres conveyed by her husband to Taylor. The probate judge was of opinion that the widow was entitled to dower but not to homestead, and she appealed.

His Honor's decision was undoubtedly correct. If it be conceded that the whole 365 acres constituted but one tract, and that the head of the family might elect to fix his homestead right on any part of the

land so as to embrace the improvements in possession by occupancy, that election would be determined, by a conveyance of any part of the land, to the remaining land and the improvements thereon if of the value of $1,000. The homestead exemption was not intended to interfere with the power of disposition of the head of the family over his lands except to the extent of the homestead value. It clearly did not extend to the whole tract. If he retained title to a sufficiency of land with the improvements thereon to make a homestead of the prescribed value, he was the absolute owner of the residue of his lands, and any person might trade with him for any part of the residue as if he were not the head of a family: *Bentley* v. *Jordan,* 3 Lea, 362. He cannot, of course, deprive his widow of the homestead right in so much as may remain, with the improvements thereon, of the required value, but if she chooses voluntarily to join with him in conveying away the homestead, she cannot go upon the land of a previous innocent purchaser. A mortgagee is *pro tanto* a purchaser. Whether the act of 1879, ch. 171, has made any change in the homestead right in this respect, is a question not now before us.

Affirm the decree with costs.